IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY L. GRICE, #142526, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:07-CV-189MHT |
| ) | [WO] |
| ) | |
| KATHERINE BLANCO, et al., ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Ricky L. Grice ["Grice], a state inmate presently confined at the Southeast Correctional Center in Basile, Louisiana, challenges the legality of his transfer to the Louisiana facility and the constitutionality of the conditions of confinement to which he is subjected there. Grice filed a motion to certify this case as a class action under Rule 23, *Federal Rules of Civil Procedure* in which he seeks to proceed on behalf of all other similarly situated inmates. *Court Doc. No. 4*. Upon consideration of the motion to certify as class action, the court concludes that this motion is due to be denied.

Grice is an inmate who seeks to represent the interests of all inmates transferred from the Alabama prison system to private correctional facilities. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. The court concludes that Grice will not be able to fairly represent the class. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975); *Hummer v. Dalton*, 657

F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Class certification in this case is therefore improper. Thus, the plaintiff's motion to certify as class action is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that on or before March 20, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of March, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE