IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY L. GRICE, #142526, ) | |
| ) | |
| v.     ) | CIVIL ACTION NO. 2:07-CV-189-MHT |
| ) | [WO] |
| ) | |
| KATHERINE BLANCO, et al., ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Ricky L. Grice ["Grice"], an Alabama inmate presently confined at the Southeast Correctional Center in Basile, Louisiana.[1]  Grice complains that his transfer from the Alabama prison system to a private correctional facility is prohibited by various provisions of the Alabama Code and is violative of his constitutional rights.  He further challenges the conditions of confinement to which he is subjected at the Southeast Correctional Center.  Grice names Pat LeBlanc, owner of Louisiana Correctional Service, Inc., Katherine Blanco, Governor of the State of Louisiana, Bob Riley, Governor of the State of Alabama, and Richard Allen, commissioner of the Alabama Department of Corrections, as defendants in this cause of action.  Grice seeks injunctive relief and monetary damages for the actions about which he complains.

---

[1] The Southeast Correctional Center is a correctional facility operated by a private corporation to which the Alabama Department of Corrections has transferred inmates for imprisonment.

Upon review of the complaint, the court concludes that Grice's claims against defendants Riley and Allen be dismissed with prejudice prior to service of process upon application of the directives set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2] The court further concludes that Grice's claims with respect to the conditions of confinement to which he is subjected at the Southeast Correctional Facility be transferred to the United States District Court for the Western District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404.

## II.  DISCUSSION

### A.  Respondeat Superior

Grice brings claims against defendant Riley which are based solely on this defendant's position as Governor of the State of Alabama. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

plaintiff's claims against defendant Riley lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B. Confinement at Southeast Correctional Center

Grice asserts that correctional officials improperly transferred him to the Southeast Correctional Facility in violation of his due process rights. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement at the Southeast Correctional Center may entail "more burdensome conditions" than that of a correctional facility operated by the Alabama Department of Corrections, the confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' [*Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478. Consequently, the failure to imprison Grice in a state correctional facility within the State of Alabama does not implicate the due process protection of the Constitution and this claim is therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives set forth in the present statute.

### C. Eighth Amendment Claim

Grice maintains that his transfer to a private correctional center, rather than continued confinement in a correctional facility operated by the State of Alabama, constitutes cruel and unusual punishment. This claim is without merit. The Eighth Amendment proscribes those actions taken by correctional officials which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Neither transfer to nor confinement in a private correctional facility alleges a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment. Thus, the Eighth Amendment claim is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Equal Protection

Grice makes the conclusory assertion that his transfer to the Southeast Correctional Center is violative of equal protection. Grice, however, presents no facts in support of this allegation, and, for the reasons explained below, Grice's equal protection claim lacks merit.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the

existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Grice utterly and completely fails to meet his pleading burden as he does not allege that the state correctional defendant subjected him to adverse treatment based on some constitutionally impermissible reason. In short, Grice sets forth no facts to support his

allegation of an equal protection violation; rather, he simply makes the conclusory assertion that his transfer to the private correctional facility in Louisiana violates his right to equal protection. To the extent Grice relies on the fact that not all state inmates have been transferred from the Alabama prison system to the private correctional facility, the law is well settled that the mere differential treatment of Grice and other inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*. This claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.  State Law Claims

Grice claims that his transfer to the private correctional facility in Louisiana violated state law. Specifically, Grice argues that such transfer exceeded the authority provided in *Ala. Code* § 14-1-1.2,[4] *Ala. Code* § 14-3-43,[5] *Ala. Code* § 14-13-1, *et seq.*,[6] *Ala. Code* § 14-

---

[4]Section 14-1-1.2 of the Alabama Code directs that "[a]n ***institution*** over which the department [of corrections] exercises control may not be leased, transferred, or placed under the supervision or management of any nongovernmental entity without first obtaining the consent of the Legislature through the passage of legislation by a majority vote of the membership of each house." (emphasis added).

[5]Section 14-3-43 of the Alabama Code governs removal of convicted prisoners due to disease or other urgent necessity "to such place of security within the state as [the Department of Corrections] may deem expedient whenever the prevalence of any epidemic, infectious or contagious disease or any other urgent necessity may render such removal proper ..."

[6]Section 14-13-1, *et seq.*, is the Interstate Corrections Compact which allows the State of Alabama to "make one or more contracts with any one or more of the other party states for the confinement of inmates on behalf of a sending state in institutions situated within receiving states." *Ala. Code* § 14-13-2, Article III(a).

15-17,[7] and *Ala. Code* § 14-5-2.[8] *Plaintiff's Complaint* at 8.[9] Review of these claims is appropriate only as a part of this court's supplemental jurisdiction. In the posture of this case, however, the exercise of supplemental jurisdiction is inappropriate. The court's exercise of supplemental jurisdiction over the state law claims is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . . ." The court's discretion is advised by *Untied Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726. And, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice . . . ." Here, all of the federal claims which are appropriate for this court to consider, have been dismissed. Accordingly, the court

---

[7]Section 14-15-17 of the Alabama Code does not exist.

[8]Section 14-5-2 of the Alabama Code addresses the hiring or leasing of convicted prisoners for employment purposes and mandates that "[i]t shall be unlawful to hire or lease for any purpose any convict, state or county, except as otherwise provided" by state law.

[9]The court has thoroughly reviewed each of the state statutes cited by the plaintiff. It does not appear that any of these statutes prohibits the transfer of state inmates to out of state private correctional facilities for incarceration. Nevertheless, if the plaintiff wishes to proceed on his state law claims, he may file a civil action in the appropriate state circuit court challenging his transfer to the Southeast Correctional Center.

concludes that the state law claims should be dismissed without prejudice.

### F.  Conditions of Confinement at the Southeast Correctional Center

A civil action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

Those individuals responsible for conditions at the Southeast Correctional Center reside in the State of Louisiana.  The actions about which the plaintiff complains relevant to his current confinement are occurring within the jurisdiction of the United States District Court for the Western District of Louisiana.  Thus, the claims asserted by the plaintiff with respect to the conditions of confinement at the Southeast Correctional Center are beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for such claims is the United States District Court for the Western District of Louisiana.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties the plaintiff's challenges to the conditions of confinement at the Southeast Correctional Center should be transferred to the United States District Court for the Western District of Louisiana for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against defendant Riley be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims with respect to his transfer to the Southeast Correctional Center be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

3. Bob Riley and Richard Allen be dismissed as defendants in this cause of action.

4. The plaintiff's state law claims be dismissed without prejudice.

5. This case, with respect to the plaintiff's claims challenging the conditions of confinement at the Southeast Correctional Center in Basile, Louisiana be transferred to the United States District Court for the Western District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before March 20, 2007 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of March, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE