IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

Ricky L. Grice,
    Plaintiffs.

Vs.

Katheleen Blanco, et al.
    Defendants.

Civil Action NO: 2:07-cv-189MHT
(WO)

## OBJECTION TO THE MAGISTRATE"S RECOMENDATION

Comes now the plaintiff, Ricky L. Grice, Pro-se, in the above styled cause, and files this his objection to the Magistrate's recomendation, and the plaintiff shows the following in support thereof:

1). The Magistrate, on March 6, 2007 denied the plaintiff's motion for appointment of counsel stating that the plaintiff is capable of presenting the necessary elements of his claims, see, (document 7-1) on March 7, 2007. the Magistrate has recomeneded that the motion for class certification is due to be denied because, "Grice will not be able to fairly represent the class", see, (Document 8-1).

2). The plaintiff asserts that the Magistrate has reached a conclusion that is **contradictary** and violates the structure of Rule 23 of the Federal Rules of civil procedure, in that he has spacifically concluded in his order denying the appointment of counsel that Grice is capable of defending and presenting the claims (Doc-7-1) yet in his recomendation for denial of the class action the Magistrate concludes that Grice cannot fairly and adequately **represent and protect the interest of the class**, (Doc-8-1) it is clear that the basis urged for the denial of the class action clearly supports the plaintiff's request for counsel in this case. In the case of Supreme tribe of Ben-Hur v. Cauble, 255 U.S. 365, 65 L Ed. 673 (1921) the United States Supreme Court stated, "The necessity for class action is greates when the courts are called upon to order or to sanction the alteration of the status quo in circumstances such that a large number of persons are in a position to call upon a person to alter the status quo, or to complain if it is altered, and the possibility exist that the actor might be called upon to act in inconsistent ways". The plaintiff contends that in the present case, this court has been called upon to

sanction or alter the status quo of the illegal contract between

1

the defendants and that the requested class certification involves some **500 persons**, who are in the position to call upon the plaintiff to act in inconsistent ways, and to complain if the alter of the complaint should occur. The plaintiff avers that based upon the foregoing and the clear violation of due process involved in the Magistrates two conflicting decisions, requires that the Magistrate recomendation that class certification be denied, should not be allowed to prevail under the facts and circumstances of this case.

**A).** The Magistrate in his recomendation concludes that the plaintiffs claims against defendant Riley and Allen should be dismissed with prejudice prior to service (Doc-9-1), the Magistrate further concludes that Grice has brought the action against defendant Riley on the basis of respondeat superior (Doc-9-1) Grice avers that defendant is sued in his **OFFICIAL CAPACITY** as the Governor of the state of Alabama, on the basis that defendant Riley has violated the limits of his powers authorized by the state Legislature. Defendant Riley is wholly Responsible for the implementation of the contract with the remaining defendants of this case, and as the Governor of Alabama, and has the resposibility of contractural rights under code of Alabama 1975 §14-1-1 through 14-1-17. Furthermore, as the Superior over the powers vested in the department of corrections, the contract in this case for the transfer of the plaintiff was signed by defendant Riley, and therefore is personally involved in the action see, **BOGARD v. COOK, 586F.2d 399 5th cir 1979** and **MONELL v. DEPT. OF SOCIAL SERVICE 436 U.S. 658, 690, 985 c.t.2018, 2036, 56L.Ed 2d 611 (1978)** therefore the Magistrate's recomendation is in error that defendants and Riley should be dismissed from this action.

**B).** The Magistrate asserts that failure to imprison Grice in a facility within Alabama does not implicate due process of the constitution, relying upon the cases of **Meachum v. Fano 427 U.S. 215 (1976)** and **Montayne v. Haymes 427 U.S. 236, 96S.CT 2543, 49L.Ed 2d 466 (1970)** and **MISQUOTES** those cases so they reflect that imprisonment in any institution is within normal range of custody that is authorized by the State. (Doc-9-1) however, it should be noted that the above cases actually state that **"No due process is violated unless, there are particularized standards or criteria which guide the decision makers".** and in both the above cited cases those states had no rules or statutes that contained the mandatory language of the statutes in bhe present case, and while it is recognized that a inmate may **may be confined in any of the "States" own institutions, as was stated in the cases cited by the Magistrate, the plaintiff contends** that because the state statutes of Alabama, contain the mandatory language using words such as **"prohibited from"** as used in §14-1-1.2, and §14-13-1 et, seg dfines parties who may **Legally** join with Alabama in a contract for housing care and control of Alabama inmates, and because the Alabama **classification Manual chapter 5 pg. 66** sets forth the procedures for transferring a Alabama inmate across the State line pursuant to the I.C.C requires a waiver of extradition. These are all "State created", liberty interest that are protected by the Fourteenth Amendment of the U.S. Constitution, see **Perry V. Snider 408 U.S. 593, 33Led2d 570, 92 s.ct 2694 (1972)** and **Dent V. West Virginia 129 U.S. 114 32Led 623, 9 s.ct 231 (1889)** therefore the Magistrate's conclusion is due to be denied.

2

C. The Magistrate concluded that the transfer of Plaintiff to S.L.C.C. did not constitute a 8th amendment violation, stating that it is not a sufficient deprivation, (Doc 9-1). The plaintiff contends that in addressing this claim that the Magistrate has **over looked** the **FACTS presented** that show the plaintiff is suffering **"ATYPICAL"** treatment to that of all other Alabama inmates, because the facts are that the plaintiff is being subjected to placement with Louisiana inmates whom have tuberculosis and are not seperated and even working in the **Kitchen** preparing food, and are not medically screened upon arrival for any diseases as Alabama inmates are screened for upon arrival of any Alabama institution. Also inadequate medical care, lack of supervision of inmates, subjected to canteen prices that are often 300 percent higher than what inmates in Alabama facilities are paying, All of these facts state an eight amendment claim under **Helling v. McKinney 509 U.S. 25 (1993)** because being housed and in contact with Louisiana inmates puts the plaintiff at serious risk of acquiring tuberculosis or other serious diseases, when Louisiana inmates are known to defendants to have these diseases and yet not screened upon arrival of S.L.C.C. Therefore the recomendation of the Magistrate must Fail. **Alabama Legislature's** passage in 1987 of a statute that provides, among other things, that all persons sentenced to confinement in a Alabama state correctional Facility **"MUST"** be tested for various sexually transmitted diseases designated by the **State Board Of Health**. Therefore the magistrate's conclusion is due to be denied.

D. The Magistrate concludes that summary dismissal is appropriate for plaintiff's equal protection claim. The plaintiff contends that in **Cruz v. Shelton 543 F.2d 86 (5th cir 1976) the court stated**, "The allegation of a complaint especially pro-se, must be **accepted** as true in testing the sufficiency." The plaintiff contends that he has a Liberty interest created by the state of Alabama in the statutes that set forth the procedures for transfers under certian circumstances, see **code of Alabama 1975 §14-3-43, 14-13-1 et,seq 14-1-1.2 see, Sandin v. Conner 115s.ct 2293 (1995)** and therefore a constitutional violation has occurred in this case. Because the defendants have subjected him to disparate treatment without due process which is constitutionally protected. And the Plaintiff avers that he was similarily situated with prisoners in Alabama and the defendants transfered him without a waiver of extradititon, and to a party that cannot **contract with Alabama**. And the Plaintiff has state created Liberty interest in the way the Law of the state are enforced against him. See, **Halberty v. Michigan, 162 Led.2d 552, 545 U.S._____ 2006. Also a court order imposing the sentence on the Plaintiff is manditory in its TERMS to a period of time in a Alabama State Penitetiary is also a Liberty interest that is PROTECTED by the CONSTITUTION**, especially since even the court which imposed that sentence **cannot MODIFY** its terms of **Pronouncement after 30 days, therefore plaintiff has a State created right to Remain in a Alabama Facility**. And based on the facts alleged, the plaintiff has shown **unequal** treatment of similarily situated persons, and a constitutionally protected right of due process and the Magistrate's recomendation must Fail.

3

E. The Magistrate concludes the state law claims should be dismissed (Doc-9-1) futhermore, he concludes in foot note #8 that the transfer to the out of state private prison does not appear to prohibit such a transfer. The plaintiff contends that even though the claims involve state laws, they are pre-empted by due process of the fourteenth amendment, §14-13-1 et,seq specifically designates that **"Only"** the United States of America, a state of the United States, a territory or possession of the United States, the District of Columbia, or the Common Wealth of Puerto Rico, " **Are the only designated entities authorized by this section to enter into a contract with Alabama for housing, custody, and care of Alabama inmates. Furthermore the Alabama department of Corrections OWN rules reg 022, requires a waiver of Extradition in such transfers.** Therefore this Alabama statute is pre-empted by the federal I.A.D Statute. When a state law is pre-empted by federal law the court is not excluded from considering a state law claim see, **Wallace v. County of Comal, 400 F.3d 284 (5th cir 2005) therfore the Magistrates recomendation should fail.**

F. The Magistrate concludes that the conditions of confinement are beyond the venue of this court. The Plaintiff contends that venue is proper in this court because the complained of within the suit occurred in both Alabama and Louisiana, and defendants are situated in **Both States** and therefor there exist **QUASI JURISDICTION** to either Court to entertain this complaint. In this case defendants Riley and Allen have direclty participated with the Louisiana defendants in the illegal acts of violating both Alabama and Louisiana State Law through the contract for housing of the plaintiff in Louisiana, which is not authorized by any authority in the State of Alabama, and by the Louisiana defendants who are acting as State Agents of Alabama Dept. of Corrections and therefore the Alabama defendants are **Supervisors of Louisiana defendants** and therefore venue is proper in this court see, **Meriweather v. Coughlin, 879F.2d 1037 (2nd cir 1989)** and the Magistates recomendation should fail in this cause.

## CONCLUSION

The plaintiff has shown facts that he is being subjected to serious risk of injury due to the defendants Allen and Riley entering into a contract with the out of state facility that does not test it's inmates for communicable diseases, see **Helling v. McKinney 509 U.S. 25 (1993)**, Where the plaintiff is being denied access to the courts, and being charged prices for basic needs that are not only **Outrageous** but violate the Federal price rates. The plaintiff has shown that the Louisiana defendants who are **"acting agents"** of the state of Alabama are being deliberately indifferent to clearly established rights of the petitioner as guaranteed by the First, eigth, and fourteenth amendments and denying the plaintiff his statutory created rights to enjoy the same benifits, rights, programs, and priviledges as other Alabama inmates. And the plaintiff has shown that the transfer violated Alabama's own Laws and the rights of plaintiff's liberty interest in the manner inwhich the state laws a implemented. The Magistrate in foot-note -7- states §14-15-17 Ala. code does not exist, the plaintiff submits the cite by plaintiff should have been §14-1-17, as shown a typographical error, and should be Liberally construed. The Plaintiff has shown that he is being subjected to **"Atypical treatment"** and summary dismissal would not be proper in this case and is reviewed **de novo 922 F.2d 1536 (11th cir 1991)**

4

*[signature]*
Plaintiff

Done this /6 day of March 2007.

I certify that I have placed a copy of the foregoing in the prison mailbox, first class postage pre-paid on the /6 day of March, 2007.

_David H. Lee Jr._
witness

_Ricky L. Gice_
Ricky L. Gice

5




Ricky L. Grice #A142526
L.C.S. Bcat #4-18
3843 Stagg Avenue
Basile, Louisiana. 70515

Ms. Debra Hackett
Clerk of the Court
United States District Court
Post Office Box 711
Montgomery, Alabama. 36101-0711

LEGAL MAIL-